1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHRIMACK WILES,<br><br>        Plaintiff,<br><br>v.<br><br>PHILAMORE,<br><br>        Defendant. | 1:25-cv-00455-JLT-EPG (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO REVISE DOCKET AND CASE CAPTION<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 8)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Jhrimack Wiles is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. (ECF Nos. 1, 5, 8). Plaintiff's initial complaint, filed on April 21, 2025, alleged that certain Defendants were deliberately indifferent to his serious medical needs concerning his low blood sugar and broken ankle. (ECF No. 1).

On September 18, 2025, the Court screened Plaintiff's initial complaint and concluded that he failed to state any cognizable claims. (ECF No. 7). However, the Court gave Plaintiff thirty days to file an amended complaint or to notify the Court that he wanted to stand on his complaint. (*Id.* at 8).

On October 3, 2025, Plaintiff filed his first amended complaint, which is now before the Court for screening. (ECF No. 8). For the reasons given below, the Court will recommend that

1

this case be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a claim on these same bases under 28 U.S.C. § 1915(e)(2)(B)(i-iii). (ECF No. 5).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    INITIAL SCREENING ORDER[1]

Plaintiff's initial complaint named the following Defendants: (1) Warden Fransico

---

[1] For readability, minor alterations, such as changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.

Jquintant, (2) PA Escratini, (3) RN Bugarin Pubirosa, (4) PA Hohzapple, and (5) "Mr. Franks."

Plaintiff alleged that, on or about February 20, 2022, his blood sugar was low, so he asked Mrs. Philamore—who was not named as a defendant at that time—for some Ensure. Philamore responded, "No Ensure is not for you" and walked away. Philamore then checked Plaintiff's sugar level and "it was low (35)." Philamore emailed PA Escratini, who instructed Philamore to check on Plaintiff every day, once an hour, for 10 days. However, Philamore did not follow Escratini's order and checked on Plaintiff "one (1) time out of 80 (which equals 8 times a day for 10 days)."

The next morning Escratini checked Plaintiff's sugar level which "was at 28." Escratini gave Plaintiff two Ensures, and Plaintiff's blood sugar "went back up to a 35." Escratini gave Plaintiff two more Ensures and promised to come back after a meeting, but Plaintiff did not see Escratini again until after Plaintiff fell and broke his leg on or about February 26.[2]

The complaint thereafter describes the injury to Plaintiff's ankle and subsequent interactions with Defendants, which are not relevant here.

At screening, the Court concluded that Plaintiff failed to state any cognizable claim. Pertinent here, the Court provided Plaintiff with the standards for a claim of deliberate indifference to a prisoner's serious medical needs. (ECF No. 7, p. 5). The Court noted that Philamore was not a defendant. (*Id.* at 6). And as to Escratini, it concluded that "Plaintiff's allegations show[ed] that Defendant Escratini attended to Plaintiff's needs," that Plaintiff failed to allege that Escratini "purposefully ignored Plaintiff's needs," and that Plaintiff did not "allege he was harmed by Defendant Escratini's failure to return when he said he would." (*Id.* at 6). Despite these deficiencies, the Court gave Plaintiff leave to amend his complaint, instructing Plaintiff that any amended complaint

> should describe specific facts regarding his medical condition to support his belief that he has a serious medical need, as well as what any medical professional knew about that condition, and anything they did or failed to do to

---

[2] In his complaint, Plaintiff lists the date of his fall as "2-26-2021." However, Plaintiff alleges this incident occurred sometime after his low blood sugar levels on February 20, 2022. Based on the context of Plaintiff's allegations and the attachments to Plaintiff's complaint, it appears that Plaintiff intended the year to be 2022.

treat that condition. Plaintiff also should describe facts as to the actions of each individual Defendant named in his amended complaint.

(*Id.* at 7).

Further, the Court advised him that "an amended complaint supersedes the original complaint . . . and must be complete in itself without reference to the prior or superseded pleading." (*Id.*) (citation omitted).

## III.    SUMMARY OF PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's amended complaint, filed on October 3, 2025, lists Philamore as the sole Defendant.[3] (ECF No. 8). He claims the denial of "right to medical care" and his only allegations are as follows: "Philamore was ordered by a superior to check on me due to my low blood sugar that was known and documented. Due to his failure to check on me, I fe[l]l out and broke my leg." (ECF No. 8, p. 4).

Plaintiff asks for $2.5 million in monetary damages and any other relief that the Court deems just and appropriate.

## IV.    ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.  *Bivens*

Under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), individuals may sue Federal officials for damages for constitutional violations under certain circumstances. A *Bivens* action is the Federal analog to a 42 U.S.C. § 1983 lawsuit brought against state officials. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). "The basis of a *Bivens* action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right." *Balser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 909 (9th Cir. 2003). "To state a claim for relief under *Bivens*, a plaintiff must allege that a federal officer deprived him of his constitutional rights." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (citation omitted). A *Bivens* claim is only available against officers in their individual capacities. *Morgan v. U.S.*, 323 F.3d 776, 780 n.3

---

[3] Because Plaintiff omits the previous Defendants from the amended complaint, the Court will direct the Clerk of Court to revise the docket to terminate them, add Philamore, and likewise revise the case caption.

4

(9th Cir. 2003). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under *Bivens*." *O'Neal v. Eu*, 866 F.2d 314, 314 (9th Cir. 1988).

Further, not all constitutional cases against Federal officers for damages may proceed as *Bivens* claims. In *Egbert v. Boule*, the United States Supreme Court explained the following steps for evaluating a constitutional claim for damages against a Federal official:

> To inform a court's analysis of a proposed *Bivens* claim, our cases have framed the inquiry as proceeding in two steps. First, we ask whether the case presents "a new *Bivens* context"—*i.e.*, is it "meaningful[ly]" different from the three cases in which the Court has implied a damages action. Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are "special factors" indicating that the Judiciary is at least arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed." If there is even a single "reason to pause before applying *Bivens* in a new context," a court may not recognize a *Bivens* remedy.

*Egbert v. Boule*, 596 U.S. 482, 492 (2022) (citations omitted).[4]

**B.  Deliberate Indifference to Serious Medical Needs**

Plaintiff's complaint asserts a claim against Philamore for deliberate indifference to his serious medical needs.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d

---

[4] The Court has screened Plaintiff's complaint by determining whether Plaintiff has alleged sufficient factual allegations under the relevant legal standards for deliberate indifference to serious medical needs, without evaluating whether a *Bivens* remedy is available.

1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. "To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (internal quotation marks and citation omitted).

Here, Plaintiff's only allegation is that "Philamore was ordered by a superior to check on [him] due to [his] low blood sugar that was known and documented. Due to his failure to check on [him], [Plaintiff] fe[l]l out and broke [his] leg." (ECF No. 8, p. 4).

These allegations are insufficient to state a claim. Plaintiff's statement that he had low blood sugar, without more, is insufficient to show a serious medical need.

Assuming that a serious medical need was at issue, Plaintiff still fails to show that Philamore's failure to check on Plaintiff was a purposeful act constituting deliberate indifference, rather than mere negligence.

Plaintiff's complaint also does not allege sufficient facts to show that Plaintiff suffered harm due to Philamore's actions or inaction. Plaintiff states that he fell due to Philamore's failure to check on him, but does not include any further factual allegations to support this

conclusion.

Without facts showing that Philamore knew of and disregarded an excessive risk to Plaintiff's health and safety and was responsible for Plaintiff's injuries, Plaintiff fails to state a claim against Philamore for deliberate indifference to his serious medical needs.

**V.    CONCLUSION, ORDER, AND RECOMMENDATIONS**

Based on the forgoing, the Court will recommend that this case be dismissed with prejudice. Notably, in its initial screening order, the Court identified the relevant legal standards and gave Plaintiff the opportunity to file an amended complaint. The Court also advised Plaintiff to describe in any amended complaint "what any medical professional knew about [Plaintiff's] condition, and anything they did or failed to do to treat that condition," with Plaintiff also needing to "describe facts as to the actions of each individual Defendant named in his amended complaint." (ECF No. 7, p. 7). Plaintiff filed an amended complaint with the benefit of these legal standards and instructions, and the Court finds that further amendment would be futile. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (noting that "a district court does not err in denying leave to amend where the amendment would be futile") (citation and quotation marks omitted).

Accordingly, IT IS ORDERED as follows:

1.    The Clerk of Court is directed to terminate (1) Warden Fransico Jquintant, (2) PA Escratini, (3) RN Bugarin Pubirosa, (4) PA Hohzapple, and (5) Franks as Defendants on the docket.

2.    The Clerk of Court is directed to add Philamore as a Defendant.

3.    The Clerk of Court is directed to revise the case caption from "*Wiles v. Jquintant et al.*" to "*Wiles v. Philamore*."

Further, IT IS RECOMMENDED as follows:

1.    This action be dismissed, with prejudice, for failure to state a claim.

2.    The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty

(30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 23, 2025**          /s/ *Erica P. Grosjean*
                          UNITED STATES MAGISTRATE JUDGE